UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Falipae Montez Henderson, | ) C/A No. 3:06-831-TLW-JRM |
| Plaintiff, | ) |
| vs. | ) |
| Ann Stewart, Sgt., of the Greenwood County Detention Center (GCDC), | ) Report and Recommendation |
| Defendant. | ) |

Plaintiff has filed this matter pursuant to 42 U.S.C. § 1983. He is detained at the Greenwood County Detention Center. According to the complaint the plaintiff approached the defendant about making an important phone call. The defendant "denied Plaintiff .... the opportunity to use the telephone and a heated argument ensued." Plaintiff also alleges that this exchange of words led the defendant to push plaintiff, "thrusting" him "about the upper-chest area, causing Plaintiff .... to lose his footing and stumble backwards." *See* Complaint @ 4. Plaintiff admits he was "about to strike" the defendant when he was restrained by another officer, who escorted plaintiff to his room. Plaintiff claims that he filed a grievance but he does not allege what result, if any, he received from the filing. The plaintiff claims that the defendant is "no longer a Sergeant with GCDC", and he states that he "is unsure if she was demoted or, if so, why." Id. @ 5.

In his prayer for relief, the plaintiff alleges he is entitled to $100,000.00 in damages for the violation of his "...Constitutional Rights by subjecting Pro Se plaintiff to cruel and unusual punishment." Id. @ 6.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, 60 U.S.L.W. 4346 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (4th Cir. 1995)(*en banc*), *cert. denied*, Nasim v. Warden, Maryland House of

1

Correction, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

     The Supreme Court has said that "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." Baker v. McCollan, 443 U.S. 137, 146 (1979). Therefore, "[j]ust as medical malpractice does not become a constitutional violation merely because the victim is a prisoner," the use of force by a guard against a prisoner does not become a violation of the Eighth Amendment merely because the guard is a state official. Cf. id. citing Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also, Daniels v. Williams, 474 U.S. 327, 332, 333 (1986) (Constitution should not be made a "font of tort law to be superimposed upon whatever systems may already be administered by the States;" Constitution and tort law do not address the same concerns). It has long been established that " [n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir.1973). The Johnson v. Glick court noted that a prison guard's liability for the use of excessive force under 42 U.S.C. § 1983 is not co-extensive with common law tort liability for battery, which makes actionable any intentional and un-permitted

contact with Plaintiff's person or anything attached to it.  481 F.2d at 1033.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VII.  The determination of whether the Eighth Amendment has been violated requires analysis of subjective and objective components.  Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).  The analysis "necessitates inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)."  Id.  To establish the state-of-mind component in an excessive force claim, the inmate must show that the prison official "applied force maliciously and sadistically for the very purpose of causing harm."  Id.; cf. County of Sacramento v. Lewis, 118 S.Ct. 1708 (1998) (egregious conduct, or conscience-shocking conduct required to establish a substantive due process violation) and compare Whitely v. Albers, 475 U.S. 312, 327 (1986) (Due Process Clause affords no greater protection than does the Cruel and Unusual Punishments Clause of the Eighth Amendment).

Moreover, in order to establish the objective component, an inmate must demonstrate more than de minimis injury.  Id. ; Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994)(en banc).  In Norman, the prisoner claimed to have been injured when an officer swung at him with a heavy set of keys, striking him on the thumb.  Although the plaintiff there claimed that he continued to have pain in his right thumb, a review of his medical records revealed no evidence that he had been injured.  Nor did his files show that he had ever sought medical treatment for this alleged injury, despite his claim of making 15-16 such requests.  Thus, the evidence was insufficient to show that he had suffered any injury from the incident, much less one that rose above the level of de minimis.

Cases from other circuits have reached similar conclusions.  For example, in Samuels v. Hawkins, 157 F.3d 557 (8th Cir. 1998), the court of appeals addressed an Eighth Amendment claim based on the prisoner's contention that a guard had retaliated against him for throwing a cup of urine on her.  See Opinion of Arnold, J., dissenting, 157 F.3d 559-60.  Some four hours after the urine-throwing incident, the guard had

returned to the module where the prisoner was housed, and where "he was shackled to his cell bed on his back, and his arms and hands were chained and handcuffed at his sides." Id. at 559. The guard told the prisoner that she was "gonna make sure you never see, again," and she threw a cup of liquid into his eyes and on his face which caused a slight burning sensation. Id. The prisoner was unable to avoid the liquid or to shield his face, presumably because of his restraints. He claimed that he experienced sleeplessness, nightmares, flashbacks, extreme stress, paranoia, and vision problems, and he was diagnosed with post-traumatic stress disorder. Id. Against a strong dissent to the effect that the guard had acted maliciously and sadistically repugnant to the conscience of mankind because she had threatened the prisoner with blindness while throwing a stinging liquid into his eyes, the court of appeals disagreed. The court said that, while the guard's actions might have been unprofessional and inappropriate, throwing water (there was no evidence that the liquid was otherwise) was not malicious or sadistic conduct, and her use of force was de minimis. 157 F.3d at 558.

Again, in Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997), the court of appeals addressed a prisoner's excessive force claim that arose when a guard twisted his arm behind his back and twisted his ear. The incident took place as the prisoner was returning from breakfast and he was found to have a biscuit in his jacket pocket. In addition to the twisting of the arm and the ear, the prisoner was verbally abused. His ear was bruised and sore for three days. The court of appeals found no Eighth Amendment violation, holding that while the absence of serious injury does not preclude relief, a de minimis injury does, "provided that the use of force is not repugnant to the conscience of mankind." 112 F.3d at 193.

In light of the foregoing it is clear that Plaintiff cannot establish an excessive force claim in violation of the Eighth Amendment. Plaintiff does not allege that he suffered any physical injury from the incident. He provides no medical records to indicate that he complained of an injury, or was treated for one. Based on the allegations in the complaint, and by plaintiff's own admission, he was escorted by another officer to his room. As such, plaintiff has not even alleged a de minimus injury, let alone one which might reach

4

constitutional magnitude.

In addition, plaintiff has not demonstrated that the defendant "applied force maliciously and sadistically for the very purpose of causing harm." While it appears from the complaint that the actions of the defendant angered the plaintiff, he was not physically harmed by those actions, and in fact, felt well enough to "strike back", except that he was stopped from doing so by another correctional officer. Consequently, even looking at the facts in a light most favorable to plaintiff, plaintiff cannot show the defendant acted with a sufficiently culpable state of mind, and that the injury inflicted on the inmate was sufficiently serious. Therefore, Plaintiff's allegations do not rise to the level of cruel and unusual punishment forbidden by the Eighth Amendment.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

March 29, 2006
Columbia, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina  29201

6